**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RICHARD BEASON**                                                                           **PETITIONER**

**VS.**                                      **NO. 5:07-CV-00235-BSM-BD**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                                        **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.       <u>**Procedure for Filing Objections:**</u>

The following recommended disposition has been sent to United States District

Judge Brian S. Miller.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven

(11) days from the date you receive the Recommended Disposition.  A copy will be

furnished to the opposing party.   Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

II.   <u>**Background**</u>:

On January 24, 1997, Petitioner Richard Beason pled guilty to two delivery-of-controlled-substance charges in Crittenden County Circuit Court and received suspended sentences of twenty years in each case.[1]  (Docket entry #5-2 at p. 2)  On September 1, 2006, the State filed a petition to revoke Petitioner's probation and suspended sentences. (#5-4 at p.2)  On September 11, 2006, Petitioner pled guilty to two counts of violating the conditions of his suspended sentence.  (#12-3 at p. 24) He was sentenced to 20 years in the Arkansas Department of Correction ("ADC") on each count with the sentences to be served concurrently.  (#12-3 at p. 25)  Following entry of the Judgment, Petitioner did not seek post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure 37.  (#9 at p. 1)

Petitioner filed this § 2254 petition for writ of habeas corpus claiming ineffective assistance of counsel and also claiming that the guilty plea, which led to his current incarceration, was not knowingly, intelligently, or voluntarily made.  (#1 at pp. 6-8)  In his response to the petition (#5), Respondent argues the Petitioner's claims are procedurally barred.  Petitioner has replied to the response claiming that his attorney and ADC officials caused his default by advising him that filing a state post-conviction petition would be a "waste of time."  (#9 at p. 1)  Petitioner also claims his lack of access

---

[1]On the same day, Petitioner also received suspended sentences in Crittenden County Circuit Court Case Nos. CR 95-959, CR 95-960, and CR 97-247.  (#1 at p. 1)

to a law library caused his default.  (#9 at pp. 1-2)  For the reasons set forth below, the

Court recommends that the District Court dismiss the petition with prejudice.

## III.   Procedural Default:

Before seeking federal habeas review, a state prisoner must first fairly present the

substance of each claim to each appropriate state court, thereby alerting those courts to

the federal nature of his claims and giving those courts an opportunity to pass upon and

correct any constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347

(2004); see also 28 U.S.C. § 2254(b) and (c).  "[A] federal habeas petitioner's claims

must rely on the same factual and legal bases relied on in state court."  *Interiano v.*

*Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026,

1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).  Claims in a

federal habeas petition not presented in the state court proceedings and for which there is

no remaining state court remedy are defaulted, and a habeas petitioner's default will be

excused only if he can "demonstrate cause for the default and actual prejudice as a result

of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice."  *Coleman v.  Thompson*, 501 U.S.

722, 750, 111 S.Ct.  2546, 2565 (1991).  If no cause has been shown, the prejudice

element need not be addressed.  *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454,

1474 (1991).

In this case, Petitioner pled guilty to the charges that led to his sentence.

Accordingly, Petitioner could not file a direct appeal of his conviction.  See ARK. R. APP.

P. CRIM. 1(a).  Additionally, Petitioner never attempted to bring a Rule 37 petition before

the trial court.  (#9 at p. 1)  Consequently, all of the claims Petitioner raises are

procedurally defaulted unless he can establish "cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider

the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750,

111 S.Ct. at 2565.

A.      *Cause and Prejudice*

        In his reply to Respondent's procedural default argument, Petitioner claims his

default was caused by his attorney and ADC officials telling him a post-conviction

petition would be a "waste of time."  Petitioner also claims his minimal access to the law

library caused his default.  Neither of these circumstances, however, constitutes cause.

        Cause is established when "some objective factor external to the defense impede[s]

. . . efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478,

488, 106 S.Ct. 2639 (1986).   In proceedings in which the Sixth Amendment requires

legal representation, ineffective assistance of counsel can be cause for a procedural

default.  *Murray*, 477 U.S. at 488.  A defendant is not, however, constitutionally entitled

to effective assistance of counsel in state post-conviction proceedings.  See *Coleman*, 501

U.S. at 752.  Consequently, any post-conviction advice Petitioner received from his

4

attorney cannot constitute cause for a procedural default.  See *Nolan v. Armontrout*, 973 F.2d 615, 616-17 (8th Cir. 1992); *Lamp v. State of Iowa*, 122 F.3d 1100, 1105 (8th Cir. 1997).

Further, "a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S 1172, 116 S.Ct. 1578 (1996) (quotation omitted).  In this case, Petitioner did not file a Rule 37 petition with the trial court alleging ineffective assistance of counsel.  Accordingly, ineffective assistance of counsel cannot be cause for Petitioner's procedural default.

Petitioner also claims unidentified ADC officials caused his default by telling him a post-conviction petition would be a "waste of time" and by providing him only limited access to a law library.  A criminal defendant's "right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1497 (1977).  A petitioner claiming that lack of access to the courts is cause for his procedural default must show that "the lack of a library . . . hindered [his] efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam).

The ADC can meet its obligation of providing Petitioner access to the courts by providing him with adequate libraries *or* assistance from persons trained in the law.  In this case, Petitioner claims that he did not have access to a law library while at the ADC's diagnostic unit.  He admits, however, that after he was transferred to the East Arkansas Regional Unit he had limited access to the prison's law library.[2]  (#9 at p. 3)  By providing Petitioner access to a law library, prison officials met their obligation to allow him meaningful access to the courts.  See *Baker v. Norris*, 321 F.3d 769, 771-72 (limited access to law library with advance sign-up was not cause for default); *Williams v. Norris*, 80 Fed. Appx. 535, 536 (8th Cir. 2003) (lack of access to the law library and inability to consult with legally trained persons was not cause for default when state had provided the prisoner with a form for filing his state post-conviction challenge).

B.    *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice.  To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996).  This exception is concerned only with claims of actual innocence, not legal innocence.  *Id*.  A claim of actual innocence requires that a petitioner "support his

---

[2]Petitioner was transferred to the East Arkansas Regional Unit on October 24, 2006, well before the 90-day limitation period under Arkansas Rule of Criminal Procedure 37.2(c) expired after judgment was entered on September 11, 2006.

allegation of constitutional error with new reliable evidence. . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)).  Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.  *Id*.

Petitioner has not come forward with any new evidence of actual innocence in order to overcome the procedural default.  Thus, his petition should be denied.

## IV.   <u>Conclusion</u>

The Court recommends that the District Court dismiss with prejudice Petitioner's petition for writ of habeas corpus (#1).

DATED this 21st day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE